Filed 7/23/14  P. v. Hedrick CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK W. HEDRICK,<br><br>    Defendant and Appellant. | 2d Crim. No. B252433<br>(Super. Ct. No. 2012009723)<br>(Ventura County) |

Appellant Patrick W. Hedrick was charged with two counts of committing an unlawful sexual act with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (b))[1] and two counts of committing a lewd act upon a child (§ 288, subd. (a)).  On all four counts, it was alleged that appellant would serve any sentence in state prison because the charged offenses involved serious or violent felonies and required sex offender registration.  (§ 1170, subd. (h)(3).)  On the two counts for lewd act upon a child, it was alleged that appellant had substantial sexual conduct with a victim who was less than 14 years old.  (§ 1203.066, subd. (a)(8).)

In exchange for a negotiated sentence, appellant waived his trial rights and pled guilty to one count of each of the two substantive offenses.  He admitted the allegations concerning prison eligibility and personally committing substantial sexual

---

[1] All statutory references are to the Penal Code unless otherwise stated.

conduct on a child under 14. Pursuant to the plea bargain, the trial court dismissed the remaining charges.

Appellant was sentenced to state prison for an indeterminate term of 15 years to life on the count of unlawful sexual act with a child 10 years of age or younger and a concurrent determinate term of six years on the count of lewd act upon a child. The trial court imposed $100,000 in restitution to the victim for psychological harm (§ 1202.4, subd. (f)(3)(F)), $1,850 in restitution to the victim's mother for moving expenses (*id.* subds. (f)(3)(I), (k)(3)),[2] a $5,000 restitution fine (§ 1202.4, subd. (b)), a suspended $5,000 parole revocation restitution fine (§ 1202.45) and, at issue here, a $3,200 "SHOP" fine (§ 290.3).[3] Appellant was awarded 693 days of presentence custody credit.

Appellant filed a timely notice of appeal. He contends that the SHOP fine exceeds the lawful amount. We agree and will modify the judgment to reduce the SHOP fine. We also will direct the clerk of the superior court to correct several errors in the abstract of judgment. In all other respects, we affirm.

FACTS

Appellant and his family were neighbors of the victim, S.S., and her family. The victim would sometimes go to appellant's house to use his computer. On several of these occasions, appellant molested her.

_____

[2] The trial court reserved jurisdiction to increase the amount of restitution to the victim and her parents in future orders. The court also reserved jurisdiction to impose a future order of restitution to the Victim Compensation and Government Claims Board. (§ 1202.4, subd. (f).)

[3] Section 290.3 was enacted in 1988 as part of legislation ordering persons required as sex offenders to pay an administrative fee to cover the costs associated with the registration process. In addition, the legislation required the Attorney General to establish a five-year pilot Serious Habitual Offender Program (SHOP) to "evaluate the number of arrests and convictions for sex offenses and the length of sentences for repeat offenders." (Former § 13891, added by Stats. 1988, ch. 1134, § 2.) By the legislation's express terms, the SHOP expired in July 1994 and was repealed six months later. Section 290.3 remains in effect. Its fines are largely allocated to the Sexual Habitual Offender Fund "for the purpose of monitoring, apprehending, and prosecuting sexual habitual offenders." (§ 290.3, subd. (b)(1).)

DISCUSSION

Appellant committed the two crimes of which he was convicted between November 2007 and June 2010. At all relevant times, the maximum base SHOP fine was $300 for a single offense and $500 for a subsequent offense. (§ 290.3, subd. (a).) This $800 base fine was additionally subject to seven "penalty assessments"—an $800 penalty (§ 1464, subd. (a)(1)), a $560 penalty (Gov. Code, § 76000, subd. (a)(1)), a $160 emergency services penalty (Gov. Code, § 76000.5, subd. (a)(1)),[4] a $160 state surcharge (§ 1465.7, subd. (a)), a $400 state court construction penalty (Gov. Code, § 70372, subd. (a)(1)),[5] an $80 DNA Identification Fund penalty (Gov. Code, § 76104.6, subd. (a)(1)), and an $80 state-only DNA Identification Fund penalty (Gov. Code, § 76104.7, subd. (a)).[6] (See *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1527-1530.)

Thus, the maximum SHOP fine that the trial court could have imposed, including penalty assessments, was $3,040. The trial court's imposition of a $3,200 SHOP fine was unauthorized. We will reduce it to $3,040. In addition, we will direct the

---

[4] Although appellant does not raise the issue, we note that there is no ex post facto problem posed by the imposition of an emergency services penalty under Government Code section 76000.5. Subdivision (a)(1) of that section does not directly authorize the penalty but merely authorizes the county board of supervisors to impose it. The Ventura County Board of Supervisors did not do so until 2008, when it passed a resolution implementing the penalty effective as of January 1, 2009. Because a penalty imposed pursuant to section 76000.5 is punishment subject to the constitutional prohibition against ex post facto laws (see *People v. Hamed* (2013) 221 Cal.App.4th 928, 939), it may be imposed here only if appellant committed the offenses of which he was convicted in 2009 or later. The information provides only that the offenses occurred between November 2007 and June 2010. However, the victim testified at the preliminary hearing that appellant committed them as recently as "a few months" before she moved to another house in June 2010. Appellant agreed that this testimony, among other things, would serve as the factual basis for his plea. Therefore, we conclude that appellant was fined for conduct that occurred in 2009 at the earliest. In any event, he has forfeited an ex post facto argument. (See *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1189 ["[T]he rule of forfeiture is applicable to ex post facto claims"].)

[5] Both appellant and respondent assert that the appropriate state court construction penalty is $3 for every $10 imposed in fines, or $240 for appellant's $800 SHOP base fine. This is incorrect. At all relevant times, section 70372 authorized a penalty of $5 for every $10 imposed in fines.

[6] Although the penalty in section 76104.7 increased on June 10, 2010, from $1 to $3 for every $10 imposed in fines, we conclude based on the victim's testimony at the preliminary hearing that the offenses occurred prior to that date.

3

clerk of the superior court to issue an amended abstract of judgment setting forth the SHOP base fine and the seven individual penalty assessments. "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts. All fines and fees must be set forth in the abstract of judgment. [Citations.] . . . If the abstract does not specify the amount of each fine, the Department of Corrections [and Rehabilitation] cannot fulfill its statutory duty to collect and forward deductions from prisoner wages to the appropriate agency." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

We independently observe several errors in the abstract of judgment. With respect to count 1 for unlawful sexual act with a child 10 years of age or younger, that count should be designated count "1" rather than count "1A," and it was brought pursuant to subdivision (b) rather than subdivision (a) of section 288.7. The abstract also purports to impose, in addition to the $5,000 restitution fine under section 1202.4, subdivision (b), and the suspended $5,000 parole revocation restitution fine under section 1202.45, $5,000 in restitution to the restitution fund pursuant to section 1202.4, subdivision (f). This additional restitution was not imposed by the trial court. The court did impose $100,000 in restitution to the victim, however, which the abstract of judgment does not reflect. We will direct the clerk of the superior court to correct these errors in the amended abstract of judgment.

DISPOSITION

The judgment is modified to reduce appellant's SHOP fine from $3,200 to $3,040. Upon remittitur issuance, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting this modification, correcting count 1A to count 1 and changing the statutory authority for that count to subdivision (b) of section 288.7, removing the $5,000 in restitution to the restitution fund, and adding $100,000 in restitution to the victim, S.S. The clerk shall forward a copy of the amended abstract of

4

judgment to the California Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

5

Kevin McGee, Judge

Superior Court County of Ventura

---

California Appellate Project, Jonathan B. Steiner and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Eric J. Kohm, Deputy Attorney General, for Plaintiff and Respondent.